**MILLER NASH LLP**
Nicole M. McLaughlin, Bar No. 272019
nicole.mclaughlin@millernash.com
340 Golden Shore, Suite 450
Long Beach, CA 90802
Telephone: (562) 435-8002
Facsimile: (562) 435-7967

Attorney for Plaintiff GOOD TRUBBLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOD TRUBBLE LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>IREM ERDEM,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff GOOD TRUBBLE LLC ("Plaintiff"), by and through its attorneys, MILLER NASH LLP, for its Complaint against defendant IREM ERDEM ("Defendant"), alleges, on knowledge as to its own actions, and otherwise on information and belief, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action seeking injunctive and monetary relief for Defendant's intentional infringement of Plaintiff's copyright in Plaintiff's copyrighted work titled "That Little Girl Was Me" (the "Copyrighted Work").

2. Plaintiff is the owner of all copyright rights in the Copyrighted Work. Since creation of the Copyrighted Work, Plaintiff has published, distributed,

advertised, and sold copies of the Copyrighted Work as well as a variety of products incorporating the Copyrighted Work in the United States via its websites, https://goodtrubble.com/ and https://thatlittlegirlwasmenft.com/, and is preparing to launch products incorporating the Copyrighted Work on the major global platform, Amazon.com. Plaintiff has disseminated or sold copies of the Copyrighted Work and products incorporating the Copyrighted Work in over 150 countries, including the United States. Plaintiff owns a federal registration for the Copyrighted Work.

3. All of the claims asserted herein arise out of and are based on Defendant's copying, reproduction, distribution, and sale of products incorporating imagery that is copied from, derivative of, and/or virtually identical or at least substantially similar to Plaintiff's Copyrighted Work. Plaintiff sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq.

4. Plaintiff seeks all remedies afforded by the Copyright Act, including preliminary and permanent injunctive relief, Plaintiff's damages and Defendant's profits from Defendant's willfully infringing conduct, and other monetary relief.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has jurisdiction over Defendant at least because Defendant has committed the intentional acts described herein, expressly aimed at California, and causing harm that Defendant knew was likely to be suffered in California. Further, on information and belief, Defendant has sold infringing products into California and/or has otherwise targeted California.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

///

**DIVISIONAL ASSIGNMENT**

8. Assignment to the San Francisco Division or Oakland Division is proper under Civil L.R. 3-2(c) because Plaintiff is located in, and Defendant is subject to personal jurisdiction in, San Rafael, Marin County, California. Therefore, a substantial part of the events or omissions giving rise to the claims occurred in these divisions.

**PARTIES**

9. Plaintiff is a limited liability company formed under the laws of California and does business in San Rafael, California.

10. On information and belief, Defendant is an individual who resides in Round Rock, Texas. On information and belief, Defendant is a citizen of Texas.

**FACTS**

A. <u>Plaintiff and Its Copyrighted Work</u>

11. Plaintiff is a Black-owned creative firm based in San Rafael, California. Plaintiff is led by C. Gordon Jones, a Black former marketing representative, who is joined by a diverse, internationally situated team that is majority BIPOC with women and LGBT+ members in key positions. Plaintiff uses its collective creative talent to create and offer artwork and merchandise focused on social justice themes affecting the BIPOC community and women.

12. Born in the late 1950s, Jones grew up in a pivotal time in Black history. Even as a very young boy, the Civil Rights Movement had an impression on him, as he experienced everything from the racist murder of young Emmett Till; to the powerful moment that a 6-year-old Ruby Bridges, flanked by U.S. marshals, became the first Black child to integrate an elementary school in the South; to the assassinations of John F. Kennedy and Dr. Martin Luther King, Jr.

13. It was against this backdrop that Jones found his inspiration for the Copyrighted Work. Watching now-Vice President Kamala Harris testify at Congressional hearings, Jones was impressed by how "fierce" Harris was, holding

her own against senior senators and cabinet members. Then while watching a debate between Harris and now-President Joe Biden in 2020, Harris, talking about her experience being bused as a young Black child in Oakland, made the statement, "That little girl was me." Jones knew that little girl *was* Harris, and, inspired, sought to create a work that would celebrate Harris and empower Black people everywhere.

14. Himself a Black American, Jones experienced firsthand the lack of media images that are empowering for Black people. Jones wanted the Harris image to do exactly that, and, thinking back to his childhood, drew on Ruby Bridges. Bridges' fateful moment of integration was already memorialized in a Norman Rockwell painting titled "The Problem We All Live With." But that image features young Bridges walking with marshals against a wall covered in racist graffiti and splattered tomatoes. Jones found himself connecting more deeply with Bridges' story after viewing actual photographs of Bridges at the time she integrated. Impressed by just how strong Bridges had to be to do what she did at such a young age, and knowing how strong Harris is, Jones knew the two historical figures needed to be featured together.

15. With this concept in mind, the Copyrighted Work was created in October 2020. It features Harris against the backdrop of a plain wall, wearing high heels and holding a briefcase, striding with power and confidence on her way to take care of business, while accompanied by the silhouette of Bridges as her shadow. A true and correct copy of the Copyrighted Work, titled "That Little Girl Was Me," is attached hereto as Exhibit 1.

16. The Copyrighted Work is wholly original, and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Work.

17. Plaintiff is the owner of valid and subsisting United States Copyright Registration No. VA 2-231-138 for the Copyrighted Work, issued by the United

States Copyright Office on January 13, 2021, with an effective registration date of October 16, 2020. Attached as Exhibit 2 is a true and correct copy of the registration certificate for Plaintiff's Registration No. VA 2-231-138.

18. The Copyrighted Work was released on Plaintiff's website, https://goodtrubble.com, on October 20, 2020, to coincide with Harris' birthday. The image garnered little attention at first, but that all changed in November 2020 with the election of Harris as the nation's first woman, BIPOC Vice President. The Copyrighted Work became an overnight sensation, receiving thousands of re-postings on social media. Mainstream media attention quickly followed, with the image being featured in over 50 publications and news stories worldwide, including in articles by *The Los Angeles Times* and *People Magazine*, and on television shows such as *The View*.

19. For those that lived through the Civil Rights Movement, the Copyrighted Work's silhouette of Bridges evoked powerful feelings, with many viewers indicating the image made them cry. For younger viewers unfamiliar with Bridges' story, the Copyrighted Work spurred them to educate themselves about Bridges and connect with her history in a way that Jones never expected. One individual told Jones he wanted to hang the Copyrighted Work in his little girl's bedroom. And even though the initial goal was to create an "anti-Norman Rockwell" image, even the Norman Rockwell Museum embraced the Copyrighted Work, indicating it bridged the gap between the past and the future and itself releasing the image.

20. Recognizing the cultural and historical significance of the Copyrighted Work, Plaintiff set about offering, via its website https://goodtrubble.com/, fine art prints of the Copyrighted Work, as well as t-shirts and other products incorporating the Copyrighted Work. During Black History Month in 2022, Plaintiff made NFT offerings featuring the Copyrighted Work via its website https://thatlittlegirlwasmenft.com/, with a portion of the proceeds benefitting

1  nonprofit organizations that champion women's and girls' rights around the world.

2  21.  The original Copyrighted Work featured the Harris-Bridges imagery against a neutral, wall-like backdrop. Derivatives of the image were also created, all featuring the Harris-Bridges imagery, and products featuring these derivatives have been sold through Plaintiff's website. And with Harris now running for President, Plaintiff created a derivative of the Copyrighted Work featuring the Harris-Bridges imagery in front of the White House, and offers products featuring this derivative through its website. Plaintiff has disseminated or sold thousands of products incorporating the Copyrighted Work in over 150 countries, including the United States, and is preparing to launch additional products incorporating the Copyrighted Work on the major global platform, Amazon.com.

B.  <u>Defendant's Infringing Conduct</u>

22.  On information and belief, Defendant is engaged in the business of offering merchandise bearing various images.

23.  Defendant has manufactured, published, printed and sold, or caused to be manufactured, published, printed and sold, certain merchandise incorporating the Copyrighted Work or derivatives thereof (the "Infringing Products"), which feature imagery identical to, substantially similar to, and/or derivative of the Copyrighted Work. Defendant has offered, distributed, and/or sold the Infringing Products through at least Etsy.com.

24.  On information and belief, Defendant obtained physical possession a copy of or otherwise viewed Plaintiff's Copyrighted Work, and intentionally copied the Copyrighted Work to create the Infringing Products. That Defendant copied the Copyrighted Work when Defendant created the Infringing Products is evidenced by the striking similarities between the Copyrighted Work and the imagery incorporated in the Infringing Products, which cannot possibly be explained other than as a result of copying and Defendant's access to the Copyrighted Work as a result of the widespread dissemination of the Copyrighted Work in the United

1  States.

2      25.    Defendant copied the Copyrighted Work without Plaintiff's authorization, consent, or knowledge, and without any remuneration to Plaintiff.

    26.    The imagery incorporated in the Infringing Products is identical or nearly identical to, and/or substantially similar to, the Copyrighted Work. Like the Copyrighted Work, the Infringing Products feature the Harris-Bridges imagery. Given these similarities, the Infringing Products are substantially similar to Plaintiff's Copyrighted Work.

    27.    Since Defendant copied the Copyrighted Work to create the Infringing Products, Defendant has offered and/or sold the Infringing Products online through at least Etsy.com.

    28.    On September 28, 2024, Plaintiff sent a takedown notice under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, to Etsy.com's DMCA agent, for the following listing(s) on Etsy.com for Infringing Products:

| Listing ID |
| --- |
| 1785609296 |

    29.    Etsy.com promptly removed the reported listing(s), but Defendant sent a counternotice to Etsy.com under the DMCA on September 29, 2024. Accordingly, Etsy.com notified Plaintiff that it would replace the removed listing(s) on October 11, 2024, unless it receives timely notice from Plaintiff that it has instituted a court action seeking a court order against the Defendant, as required by 17 U.S.C. § 512(g)(2).

    30.    As a result of Defendant's actions described above, Plaintiff has been directly damaged, and will continue to be damaged, by the unauthorized reproduction, distribution, and sale of the Infringing Products. Defendant has never accounted to or otherwise paid Plaintiff for use of the Copyrighted Work.

/ / /

1  31. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT ONE

## Federal Copyright Infringement

## (17 U.S.C. § 501)

32. Plaintiff repeats and realleges paragraphs 1 through 31 hereof, as if fully set forth herein.

33. The Copyrighted Work is an original work of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Work. Plaintiff owns a valid copyright registration for the Copyrighted Work, attached as Exhibit 2.

34. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution, and sale of the Infringing Products, which feature imagery copied from, derivative of, and/or substantially similar to Plaintiff's Copyrighted Work, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

35. On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Work, and has enabled Defendant illegally to obtain profit therefrom.

36. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales of the Infringing Products and any

1  other products incorporating imagery identical or substantially similar to, or
2  derivative of, the Copyrighted Work, and an accounting of and a constructive trust
3  with respect to such profits.

4      37.    Alternatively, Plaintiff is entitled to the maximum statutory damages
5  pursuant to 17 U.S.C. § 504(c), in the amount of $30,000 for Defendant's infringing
6  conduct, or up to $150,000 owing to Defendant's willful infringement, and for such
7  other amounts as may be proper pursuant to 17 U.S.C. § 504(c).

8      38.    Plaintiff further is entitled to its attorneys' fees and costs pursuant to
9  17 U.S.C. § 505.

10      39.    As a direct and proximate result of the Defendant's infringing conduct
11  alleged herein, Plaintiff has sustained and will continue to sustain substantial,
12  immediate, and irreparable injury, for which there is no adequate remedy at law. On
13  information and belief, unless Defendant's infringing conduct is enjoined by this
14  Court, Defendant will continue to infringe the Copyrighted Work. Plaintiff
15  therefore is entitled to preliminary and permanent injunctive relief restraining and
16  enjoining Defendant's ongoing infringing conduct.

## PRAYER

18  WHEREFORE, Plaintiff requests judgment against Defendant as follows:

19      40.    That Defendant has violated Section 501 of the Copyright Act (17
20  U.S.C. § 501).

21      41.    Granting an injunction temporarily, preliminarily, and permanently
22  enjoining the Defendant, Defendant's employees, agents, officers, directors,
23  attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active
24  concert and participation with any of the foregoing persons and entities who receive
25  actual notice of the Court's order by personal service or otherwise, from:

26      (1)    manufacturing, distributing, marketing, advertising, promoting,
27  or selling or authorizing any third party to manufacture, distribute, market,
28  advertise, promote, or sell the Infringing Products and any other products, works, or

1  other materials that include, copy, are derived from, or otherwise embody the
2  Copyrighted Work;
3    (2) reproducing, distributing, performing, or publicly displaying the
4  Copyrighted Work, creating any derivative works based on the Copyrighted Work,
5  or engaging in any activity that infringes Plaintiff's rights in the Copyrighted Work;
6  and
7    (3) aiding, assisting, or abetting any other individual or entity in
8  doing any act prohibited by sub-paragraphs (a) or (b).
9    42. That Defendant be ordered to provide an accounting of Defendant's
10 profits attributable to Defendant's infringing conduct, including Defendant's profits
11 from sales of the Infringing Products and any other products, works, or other
12 materials that include, copy, are derived from, or otherwise embody the
13 Copyrighted Work.
14   43. That Defendant be ordered to destroy or deliver up for destruction all
15 materials in Defendant's possession, custody, or control used by Defendant in
16 connection with Defendant's infringing conduct, including without limitation all
17 remaining inventory of the Infringing Products and any other products and works
18 that embody any reproduction or other copy or colorable imitation of the
19 Copyrighted Work, as well as all means for manufacturing them.
20   44. That Defendant, at its own expense, be ordered to recall the Infringing
21 Products from any distributors, retailers, vendors, or others that have distributed the
22 Infringing Products on Defendant's behalf, and any other products, works or other
23 materials that include, copy, are derived from, or otherwise embody the
24 Copyrighted Work, and that Defendant be ordered to destroy or deliver up for
25 destruction all materials returned to it.
26   45. Awarding Plaintiff:
27   (1) Defendant's profits obtained as a result of Defendant's
28 infringing conduct, including but not limited to all profits from sales and other

exploitation of the Infringing Products and any other products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper;

    (2)   damages sustained by Plaintiff as a result of Defendant's infringing conduct, in an amount to be proven at trial;

    (3)   should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits; and

    (4)   Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

46. Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

47. Awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues in this complaint that are so triable as a matter of right.

Dated: October 9, 2024                    MILLER NASH LLP

                                              By: */s/ Nicole M. McLaughlin*
                                                    Nicole M. McLaughlin
                                                    Attorney for Plaintiff GOOD TRUBBLE LLC

**Exhibit 1**

**The Copyrighted Work**



# EXHIBIT 2

## Plaintiff's Copyright Registration

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Shira Perlmutter

United States Register of Copyrights and Director

Registration Number
**VA 2-231-138**
Effective Date of Registration:
October 16, 2020
Registration Decision Date:
January 13, 2021



## Title

Title of Work: That Little Girl Was Me

## Completion/Publication

Year of Completion: 2020
Date of 1st Publication: October 01, 2020
Nation of 1st Publication: United States

## Author

- Author: Good Trubble
  Author Created: 2-D artwork
  Work made for hire: Yes
  Citizen of: United States
  Domiciled in: United States

## Copyright Claimant

Copyright Claimant: Good Trubble
6730 Hogan Dr, Sacramento, CA, 95822, United States

## Rights and Permissions

Name: Lauren McDonald
Email: lmcdonald@lumenitelaw.com
Telephone: (916)354-5334
Address: 3626 Fair Oaks Blvd STE 100
Sacramento, CA 95864 United States

## Certification

Page 1 of 2